Lawrence H. Meuers, Esq. (SBN 197663)
MEUERS LAW FIRM, P.L.
5395 Park Central Court
Naples, FL 34109
Telephone: (239) 513-9191
Facsimile: (239) 513-9677

Attorneys for Cecelia Packing Corporation

FILED
JUN 8 2006
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| CECELIA PACKING CORPORATION, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>HECTOR MERCADO D/B/A H & M FARM PRODUCE; and MIRTA MERCADO, an individual,<br><br>Defendants. | Case No.: 06-cv-701-OWW<br><br>TEMPORARY RESTRAINING ORDER |

This matter is before the Court upon Plaintiff's Ex-Parte Motion for Temporary Restraining Order pursuant to Rule 65(b) of the Federal Rules of Civil Procedure. Pursuant to Rule 65(b), a temporary restraining order may be granted without notice to the adverse party only if: (1) it clearly appears from specific facts shown by declaration or verified complaint that immediate and irreparable injury, loss or damage will result before the adverse party can be heard in opposition, and (2) the applicant's attorney certifies the reasons that notice should not be required.

In this case, it clearly appears from the Declaration of David Roth that Plaintiff Cecelia Packing Corporation is a produce dealer and Trust creditor of

Temporary Restraining Order                                                                                    Page 1

Defendant Hector Mercado d/b/a H & M Farm Produce ("Hector Mercado") under Section 5(c) of the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. §499e(c), and has not been paid for produce in the total amount of $45,120.00 supplied to said Defendant as required by the PACA. It is also clear from the same declaration and the certification of counsel that said Defendant is in severe financial jeopardy and the PACA Trust assets are being dissipated or threatened with dissipation (Frio Ice, S.A. v. Sunfruit, Inc., 918 F.2d 154 (11th Cir. 1990)) and that said Defendant is not or may not be in a position to pay creditor's claim (JSG Trading Corp. v. Tray-Wrap, Inc., 917 F.2d 75 (2d Cir. 1990)), thereby warranting the relief requested by Plaintiff. On the basis of the pleadings, declaration and other submissions Plaintiff has filed in this matter, it appears Plaintiff will suffer immediate and irreparable injury due to said Defendant's dissipation of Plaintiff's beneficial interest in the statutory Trust created pursuant to 7 U.S.C. §499e(c) and that such dissipation will continue in the absence of injunctive relief. Therefore, the Court is of the opinion that a Temporary Restraining Order should be issued.

If notice is given to Hector Mercado of the pendency of this motion, Trust assets will be further threatened with dissipation before the motion is heard. As noted in the legislative history of PACA, once dissipation has occurred, recovery of Trust assets is all but impossible. H.R. Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code & Admin. News 405, 411. J.R. Brooks & Son, Inc. v. Norman's Country Market, Inc., 98 B.R. 47 (Bkrtcy. N.D.Fla. 1989). Entry of this

Order without notice assures retention of the Trust assets under the control of this Court, which is specifically vested with jurisdiction over the Trust. 7 U.S.C. §499e(c)(5). In accord with Rule 65(b)(2), the applicant attorney has certified why notice should not be required.

Based on the foregoing, the Court finds that Plaintiff and other PACA Trust creditors, if any, will suffer immediate irreparable injury in the form of a loss of Trust assets unless this order is granted without notice.

Therefore, it is by the United States District Court for the Eastern District of California

**ORDERED:**

1. Defendant Hector Mercado d/b/a H & M Farm Produce, its agents, officers (including the Defendant Mirta Mercado), subsidiaries, assigns, banking and financial institutions, and all persons in active concert or participation with said Defendant are enjoined and restrained from dissipating, paying, transferring, assigning or selling any and all assets covered by or subject to the Trust provisions of the PACA without agreement of Plaintiff, or until further order of this Court. Under §499e(c)(2) of PACA, the assets subject to this order include all of the assets of Hector Mercado d/b/a H & M Farm Produce unless Hector Mercado can prove to this Court that a particular asset is not derived from perishable agricultural commodities, inventories of food or other products derived from perishable agricultural commodities or receivables or proceeds from

Temporary Restraining Order                                                                 Page 3

the sale of such commodities or products. Provided however, Hector Mercado may sell perishable agricultural commodities or products derived from perishable agricultural commodities for fair compensation, without right of set-off, on the condition that Hector Mercado maintains the proceeds of such sale subject to this Order.

2. This Order shall be binding upon the parties to this action and all other persons or entities who receive actual notice of this Order by personal service or otherwise.

3. The $45,120.00 in PACA Trust assets belonging to Plaintiff and in the possession of the Defendant will serve as Plaintiff's security for this injunction as required by Rule 65(c) of the Federal Rules of Civil Procedure.

4. This Temporary Restraining Order is entered this 7th day of June, 2006, at 4:30 ☐ a.m. ☒ p.m.

5. A hearing on Plaintiff's Motion for Preliminary Injunction is set for the 15th day of June, 2006, at 12:15 ☐ a.m. ☒ p.m. in Courtroom 3.

6. Plaintiff shall serve a copy of this Order, together with the annexed Declaration and Memorandum of Law, by personal service, including by facsimile transmission or federal express, on or before the 12th day of June, 2006, shall be deemed good and sufficient service..

7. Defendants may apply to the Court for modification or dissolution of the instant Order upon two (2) days' notice to Plaintiff, or upon such shorter notice

Temporary Restraining Order                                                                                                       Page 4

1  as the Court may allow.

2      8.    Defendants shall file any and all responsive papers to Plaintiff's Motion on or before June \_\_14th\_\_, 2006 by 3:30 ☐ a.m. ☒ p.m.

    **DONE and ORDERED**, this \_\_7th\_\_ day of June, 2006 at Fresno, California.

_____
**United States District Judge**
**Eastern District of California**

Temporary Restraining Order                                    Page 5